In re Michael J. REBELLO and
Rose M. Rebello, Debtors.

Jan M. Sensenich, as Chapter 13 Trustee of the Estate of Michael J. Rebello and Rose M. Rebello; Michael J. and Rose M. Rebello, Plaintiffs,

v.

Peoples Trust Company of
St. Albans, Defendant.

Bankruptcy No. 02–10288 cab.
Adversary No. 02–01015.

United States Bankruptcy Court,
D. Vermont.

Aug. 9, 2002.

Matthew M. Glitman, Ward Kelley & Babb, South Burlington, VT, Gregory A. Weimer, Hoff, Curtiss, Burlington, VT, for Defendant.

Todd Taylor, Burlington, VT, for Plaintiffs.

### *Order Granting Cross–Motion for Summary Judgment*

COLLEEN A. BROWN, Bankruptcy Judge.

Peoples Trust Company of St. Albans ["Peoples Trust"] has filed a Motion for Summary Judgment (doc# 12), pursuant to Fed. R. Bankr.P. Rule 7001(2), seeking a determination of the validity of a mortgage which the debtors executed in favor of Peoples Trust. The chapter 13 trustee and the debtors have cross-moved for summary judgment (doc# 15), claiming that, as a matter of law, the mortgage is defective, and, as a result, is avoidable. The Court has jurisdiction over this dispute under 28 U.S.C. §§ 157 and 1334.

Based upon the parties' Stipulated Statement of Undisputed Facts, the Court finds that there are no material facts in dispute. Based upon the parties' memoranda of law and this Court's decision in *In re Potter,* A.P. # 01–1031 (Sept. 21,

2001), *aff'd, Mortgage Lenders Network, USA v. Sensenich*, No. 1:01CV335 (D.Vt. Jan. 22, 2002), the Court holds that the mortgage is void *ab initio.* Accordingly, the Court denies the Peoples Trust's Motion for Summary Judgment and grants the Cross–Motion for Summary Judgment filed by the chapter 13 trustee and the debtors.

 The mortgage in question was not properly acknowledged as statutorily required under Vermont law. Thus, although it was properly witnessed, the Court must declare it to be defective and invalid. *See In re Potter* at p. 5. ("Vermont law is clear that an invalid mortgage is not sufficient to put someone on notice and that a deed or mortgage that is improperly witnessed or acknowledged is deemed invalid . . ."). Moreover, Vermont law requires that a defective mortgage be treated as if it had never been recorded. *See id.* at p. 4 (citation omitted). Likewise, under the law, such a mortgage fails to impart constructive notice to a subsequent purchaser. Therefore, any document recorded after the recording of the mortgage is deemed outside the chain of title. *See In re Ryan,* 851 F.2d 502, 511 (1st Cir.1988) (interpreting Vermont law and instructing that any document stemming from the recording of a defective mortgage was an invalid record and, therefore, not within the chain of title from the debtor to the trustee); *see also In re Potter* at pp. 4–5 (citing *In re Ryan* with approval). Hence, the fact that the uniform mortgage rider was properly executed, contained curative language, and was recorded five minutes after the mortgage was recorded does not succeed in curing the mortgage's fatal defect.

Accordingly,

**IT IS ORDERED** that Motion for Summary Judgment filed by Peoples Trust's is denied; and

**IT IS FURTHER ORDERED** that the Cross–Motion for Summary Judgment filed by the chapter 13 trustee and the debtors is granted; and

**IT IS FURTHER ORDERED** that any lien on the subject premises arising from Peoples Trust's invalid mortgage is avoided, subject to the caveat that if this bankruptcy case is dismissed prior to the completion of all payments under the debtors' plan the avoided lien is reinstated under 11 U.S.C. § 349(b)(3);

**IT IS FURTHER ORDERED** that the Order of Lien Avoidance shall provide that it not be entered on the real estate records of the subject property until an order of discharge has been entered in this case; and

**IT IS FURTHER ORDERED** that the subject property not be transferred or encumbered in the interim without the further order of this Court.

**SO ORDERED.**